UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

KHALIFAH ABD-AL MUBAYMIN FARUQ, )
)
    Plaintiff, )
)
vs. )   Case No.  2:11-CV-65-JCH
)
J. PANKRATZ, et al., )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Plaintiff, an inmate at the Potosi Correctional Center, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff was "under imminent danger of serious physical injury" at the time the complaint was filed. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(imminent danger of serious physical injury must exist at the time the complaint is filed).

After carefully reviewing the complaint, the Court finds no allegations showing that plaintiff was in imminent danger of serious physical injury at the time he filed the complaint on May 17, 2011.[2]

---

[1] See Faruq v. Christian County, Mo., Case No. 6:07-CV-3197-RED (W.D. Mo.); Faruq v. Schriro, Case No. 5:00-CV-6053-HFS (W.D. Mo.); Faruq v. Schriro, Case No. 4:98-CV-596-RWS (E.D. Mo.); see also Faruq v. Lewis, Case No. 6:05-CV-3295-GAF (W.D. Mo.)(dismissing case pursuant to 28 U.S.C. § 1915(g)); Faruq v. Tobin , Case No. 6:08-CV-3133-GAF (W.D. Mo.)(same).

[2] This is the date plaintiff indicates he signed the complaint. It is unclear why the complaint was not filed with this Court until September 6, 2011. The Court notes that the envelope in which the complaint was mailed bears a stamped postage date of August 17, 2011, and a U.S. District Court Eastern District of Missouri received stamp date of September 6, 2011.

Plaintiff claims that defendants physically assaulted him on or about May 13, 2011, resulting in serious injuries, and also denied him medical treatment until May 17, 2011. Plaintiff states that on May 17, the day he signed the complaint, he was finally examined by a nurse "who immediately ordered [him to] be taken to medical for examination by Dr. Cabregh who ordered multiple x-rays or head, neck, spine and ribs." Plaintiff does not allege that the medical treatment he ultimately received was in any way deficient. Under these circumstances, it cannot be said that plaintiff was in imminent danger of serious physical injury at the time the complaint was filed.

Moreover, plaintiff's allegation that on May 15, 2011, defendant Harrower told him, "You better watch what you eat from now on . . . inferring that he . . . was going to poison [him]," does not rise to the level of a constitutional violation and fails to establish imminent danger of serious physical harm. See Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally protected right); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats usually are not actionable under § 1983). The same can be said for plaintiff's claim that he was issued a conduct violation without having received a copy of the violation prior to a hearing.

For these reasons, the Court will deny plaintiff's motion for leave to proceed in forma pauperis. Plaintiff will be granted thirty (30) days in which to pay the $350 filing fee. Plaintiff is advised that if he fails to pay the filing fee within the time allowed, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**. See 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this Order to pay the $350 filing fee.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the filing fee within thirty (30) days, the Court will dismiss this action without prejudice. See Rule 41(b) of the Federal Rules of Civil Procedure.

Dated this  13th  day of October , 2011.

    /s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE